**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4734**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD HARING,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:07-cr-00061-JCC)

Submitted:  January 31, 2008          Decided:  June 4, 2008

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Morton J. Posner, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Haring appeals from his sentence of concurrent fifteen-month prison terms imposed by the district court following Haring's guilty plea to two counts of making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6) (2000). On appeal, Haring challenges the district court's denial of a reduction in his sentence under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(2) (2000), and claims that his criminal history was overstated, resulting in a sentence greater than necessary to meet the purposes of sentencing. We affirm.

Section 2K2.1(b)(2) of the Guidelines provides for a reduction in sentence when the firearms in question are possessed by a disqualified person "solely for lawful sporting purposes or collection." Haring bears the burden of proving by a preponderance of the evidence that he is entitled to a specified sentencing reduction, and we review the court's determination for clear error. United States v. Abdi, 342 F.3d 313, 317 (4th Cir. 2003). We conclude that the district court did not err in denying a § 2K2.1(b)(2) reduction in sentence.

Haring also argues that his sentence was unreasonable because his guideline range overstated his criminal history and was otherwise greater than necessary to meet the purposes of sentencing. Under USSG § 4A1.3(b)(1), a sentencing court has the discretion to impose a sentence departing downward from the criminal history category if "reliable information indicates that

the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The decision not to grant a downward departure is not reviewable unless the court was under the mistaken impression that it lacked the authority to depart. United States v. Matthews, 209 F.3d 338, 352-53 (4th Cir. 2000); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases declining to review district court's decision not to depart, even after United States v. Booker, 543 U.S. 220 (2005)). Thus, absent an unconstitutional motive or a mistaken view that it lacked the authority to depart, neither of which was present here, a court retains unfettered discretion to determine whether to depart. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

Haring's argument that his sentence was unreasonable because it was greater than necessary to meet the purposes of sentencing also fails. This court reviews the sentence imposed by the district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In the Fourth

Circuit, a sentence within a correctly calculated advisory guideline range is presumptively reasonable. <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3044 (2007). Guided by these standards, we find that Haring's sentence was reasonable.

For the foregoing reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>